**Manuel Antonio GONZALEZ, III, Plaintiff-Appellant,**

v.

**RAZO; et al., Defendants-Appellees.**

### No. 15-16138

United States Court of Appeals, Ninth Circuit.

Submitted October 25, 2016 *

Filed November 4, 2016

Manuel Antonio Gonzalez, III, Pro Se, Tehachapi, CA, for Plaintiff-Appellant.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: LEAVY, SILVERMAN, and GRABER, Circuit Judges.

## MEMORANDUM ***

California state prisoner Manuel Antonio Gonzalez, III, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging excessive force and retaliation claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's interpretation and application of 28 U.S.C. § 1915(g), *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007), and for an abuse of discretion its denial of leave to proceed in forma pauperis, *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). We affirm.

The district court did not abuse its discretion by denying Gonzalez leave to proceed in forma pauperis and properly dismissed Gonzalez's action after he failed to pay the filing fee because at least three of Gonzalez's prior § 1983 cases qualified as "strikes" under the Prison Litigation Reform Act ("PLRA") and he failed to allege that he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (requiring a prisoner who is otherwise barred from proceeding in forma pauperis under the PLRA's "three strikes" provision to show that he faces an imminent danger or pay the filing fee); *Andrews*, 493 F.3d at 1055 (discussing imminent danger exception).

**AFFIRMED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).